UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                   Case No. 92-CR-81127

DONALD JACKSON,                            HON. AVERN COHN

    Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTION FOR MODIFICATION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2)**

I.

This is a criminal case. Defendant Donald Jackson has filed a paper styled "Motion for Modification of Sentence Pursuant to 18 U.S.C. § 3582(c)(2)" in which he seeks relief from his 292 month sentence in light of the Supreme Court's decision in United States v. Booker, __ U.S. __, 125 S. Ct. 738 (2005). For the reasons which follow, the motion is DENIED.

II.

On February 21, 1995, Jackson was arrested on a second superceding indictment charging him, and forty-two other individuals, with various drug and weapons violations. Jackson was convicted following a jury trial and sentenced to 292 months imprisonment. Jackson filed a direct appeal. The Court of Appeals for the Sixth Circuit affirmed. See United States v. Polk, Nos. 96-1492, 96-1534, 96-1512, 96-1710, 96-1533, 1999 WL 397922 (6th Cir, June 2, 1999) (unpublished). Thereafter, Jackson filed a motion under § 2255 essentially arguing that the United States Supreme Court's

decision in <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 490 (2000) entitled him to relief. The Court denied the motion. <u>See</u> Memorandum and Order filed November 6, 2001. It does not appear that Jackson appealed the denial of his § 2255 motion. On October 20, 2005, over nine years after he was sentenced, Jackson filed the instant motion.

III.

A.

Jackson requests relief under 18 U.S.C. § 3582(c)(2). Section 3582(c)(2) allows the court to reduce a term of imprisonment if the defendant's sentence was based on a sentencing range that has subsequently been lowered by the Sentencing Commission. That is not the case here. Jackson does not point to guidelines amendments but instead simply argues that he should not have been responsible for 150 kilograms and, under <u>Booker</u>, he is entitled to a resentencing and consideration of a possible reduction.

Section 3582(c)(2) does not provide a jurisdictional basis to reduce Jackson's sentence. <u>Booker</u> is a Supreme Court decision, not a retroactively applicable guideline amendment by the Sentencing Commission. Therefore, <u>Booker</u> is inapplicable to § 3582(c)(2) motions. In short, neither § 3582(c)(2) nor <u>Booker</u> provides a jurisdictional basis to reduce Jackson's sentence. <u>See</u> <u>United States v. Moreno</u>, 421 F.3d 1217 (11th Cir. 2005); <u>United States v. Sanchez</u>, 140 Fed. Appx. 409 (3d Cir. 2005).

Jackson's challenge to his sentence on the basis of <u>Booker</u> falls within the purview of a motion under § 2255. Because Jackson has already filed one § 2255 motion, he would need authorization from the Court of Appeals to file a second or successive § 2255 motion. <u>See</u> 28 U.S.C. § 2244(b)(2). Such permission is not likely, however, as the Sixth Circuit has held that the holding in <u>Booker</u> does not apply to

cases on collateral review.  See Humphress v. United States, 398 F.3d 855 (6th Cir. 2005).

  SO ORDERED.

             s/Avern Cohn
            AVERN COHN
            UNITED STATES DISTRICT JUDGE

Dated:  November 2, 2005

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, November 2, 2005, by electronic and/or ordinary mail.

             s/Julie Owens
            Case Manager
            (313) 234-5160