UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

Case No. 92-81127
Hon: AVERN COHN

DONALD JACKSON,

    Defendant.

_____/

## MEMORANDUM AND ORDER DENYING DEFENDANT'S MOTION FOR SENTENCING MODIFICATION

### I. Introduction

This is a criminal case. Defendant Donald Jackson (Jackson) has filed a "Motion for Modification of Sentence" in which he seeks relief from his 292 month sentence in light of Amendment 706 to the Sentencing Guidelines which reduced the offense levels for crack cocaine offenses. For the reasons which follow, the motion will be denied.

### II. Facts

On February 21, 1995, Jackson was arrested on a second superceding indictment charging him, and forty-two other individuals, with various drug and weapons violations. Jackson was convicted of conspiracy to possess with intent to distribute cocaine and cocaine base (crack) in violation of 21 U.S.C. §§ 841 and 846(a)(1). On May 9, 1996 he was sentenced to a term of imprisonment of 292 months. Under the sentencing guidelines, Jackson was sentenced as follows:

| | |
|---|---|
| Base Offense Level - Possession of Cocaine | 28 |
| Use of a firearm | <u>+ 2</u> |
| | 30 |
| Criminal History Category | I |
| Sentencing Range | 292-365 months |

Jackson filed a direct appeal. The Court of Appeals for the Sixth Circuit affirmed. <u>See</u> <u>United States v. Polk</u>, Nos. 96-1492, 96-1512, 96-1512, 96-1533, 1999 WL 397922 (6th Cir., June 2, 1999) (unpublished).

Jackson filed a motion under 28 U.S.C. § 2255 arguing that the United States Supreme Court's decision in <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 490 (2000) entitled him to relief. The Court denied the motion. <u>See</u> Memorandum and Order filed November 6, 2001. Jackson did not appeal the denial of the § 2255 motion.

Jackson subsequently filed a "Motion for Modification of Sentence Pursuant to 18 U.S.C. § 3582(c)(2)" arguing that the United States Supreme Court's decision in <u>United States v. Booker</u>, 543 U.S. 220 (2005) entitled him to relief. The Court denied the motion. <u>See</u> Memorandum and Order filed November 2, 2005. Jackson filed an appeal. The Sixth Circuit affirmed. <u>See</u> <u>United States v. Jackson</u>, No. 05-2711 (6th Cir. Sept. 25, 2006) (unpublished).

On January 31, 2008 Jackson filed the instant motion.

### III. Legal Standard

Jackson requests relief under 18 U.S.C. § 3582(c)(2) which permits the Court to modify a term of imprisonment where the defendant was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." § 3582(c)(2). In 2007, the Sentencing Commission

promulgated Amendment 706 which has the effect of reducing by two levels the offense level for most cocaine-base offenses.  Section 1B1.10 of the Sentencing Guidelines governs the retroactive application of amendments. The Commission has included Amendment 706, as amended by Amendment 711, among the amendments which can be retroactively applied. U.S.S.G. § 1B1.10(c).  See U.S. Sentencing Guidelines Manual app. C., amend. 713 (2008).

While defendants who are convicted of a cocaine-base offense are generally eligible for a sentence modification under 18 U.S.C. § 3582, section 1B1.10(a)(2) prohibits the reduction of a defendant's term of imprisonment if:

   A.   none of the amendments listed in subsection (c) is applicable to the defendant; or
   B.   an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.

U.S.S.G. § 1B1.10(a)(2).  The Sixth Circuit has held that U.S.S.G. § 1B1.10(a)(2)(B) applies to defendants who were convicted of cocaine-base offenses, but were sentenced based on other offenses.  United States v. Johnson, F.3d 619, 625 (6th Cir. 2009) (affirming denial of motion to modify sentence under 18 U.S.C. § 3582 when defendants were convicted of both cocaine and cocaine-base offenses, but were sentenced based on the cocaine offense only).  Thus a defendant who is convicted of a cocaine-base offense is not eligible for sentence modification under 18 U.S.C. § 3582(c)(2) unless his sentence also resulted from the application of the cocaine-base offense levels.

### IV. Analysis

Jackson was convicted of conspiracy to possess both cocaine and cocaine base. However, the offense level used to calculate his sentence was based solely upon the

finding that he was responsible for 487 kilos of cocaine. There were no findings at his sentencing related to cocaine base. Therefore the application of Amendment 706 would not have the effect of lowering Jackson's applicable guideline range. Because Jackson's sentence was not based on the guidelines applicable to offenses involving cocaine base, U.S.S.G. § 1B1(a)(2)(B) prohibits the modification of his sentence under § 3582(c)(2).

### V. Conclusion

For the reasons above, Jackson's motion is DENIED.

So ORDERED

       s/Avern Cohn
       AVERN COHN
       UNITED STATES DISTRICT JUDGE

Dated: September 3, 2009

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record and Donald Jackson, #20136-039, FCI Fort Dix, P.O. Box 2000, Fort Dix, NJ 08640 on this date, September 3, 2009, by electronic and/or ordinary mail.

       s/LaShawn R. Saulsberry
       Case Manager, (313) 234-5160